UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

   CHAMBERS OF                                                                                   101 WEST LOMBARD STREET
BETH P. GESNER                                                                  BALTIMORE, MARYLAND 21201
UNITED STATES MAGISTRATE JUDGE                                          (410) 962-4288

September 17, 2014

Arjun K. Murahari, Esquire                       Alex S. Gordon, Esquire
Mignini, Raab, and Demuth, LLP            Office of the United States Attorney
429 South Main Street                           6500 Cherrywood Lane
Bel Air, MD 21014                                   Suite 200
                                                  Greenbelt, MD 20770

Stacey I. Cole, Esquire
Social Security Administration
Altmeyer Building
6401 Security Boulevard
Room 617
Baltimore, MD 21235

Subject:    Steven Houser v. Carolyn Colvin, Acting Commissioner, Social Security
                Civil No.: BPG-13-2189

Dear Counsel:

     Pending before this court, by the parties' consent (ECF Nos. 7, 8), are plaintiff's Motion for Summary Judgment ("plaintiff's Motion") (ECF No. 15), defendant's Motion for Summary Judgment ("defendant's Motion") (ECF No. 17), and plaintiff's Response to Defendant's Motion for Summary Judgment (ECF No. 18) concerning the Commissioner's decision denying plaintiff Steven Houser's claim for Social Security Disability Insurance Benefits. The undersigned must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. §§ 405(g), 1383(c)(3); Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (superseded by statute on other grounds). I have reviewed the pleadings. No hearing is deemed necessary. Loc. R. 105.6. For the reasons noted below, the plaintiff's Motion (ECF No. 15) is denied and defendant's Motion (ECF No. 17) is granted.

     Plaintiff filed his claim for benefits on October 1, 2010, alleging disability beginning on September 1, 2010. (R. at 14.) His claim was denied initially on December 21 2010, and on reconsideration on March 14, 2011. (Id.) After a video hearing on June 14, 2012 (R. at 33-63), an Administrative Law Judge ("the ALJ") issued a decision on June 22, 2012 denying benefits based on a determination that plaintiff was not disabled (R. at 14-25).

     The ALJ found that plaintiff had the following severe impairments: major depressive disorder and spine disorder. (R. at 16.) Despite these impairments, the ALJ found that plaintiff retained the residual functional capacity to perform "light work as defined in 20 C.F.R. § 404.1567(b) except he can frequently balance, stoop, kneel, crouch, and crawl; can occasionally climb ramps and stairs; and can never climb ladders, ropes, or scaffolds." (R. at 19.) Additionally, "the claimant is limited to simple, routine, and repetitive tasks. He can have

Houser v. Colvin
BPG-13-2189
September 17, 2014
Page 2

minimal interaction with the public, which is defined as some interaction, but less than occasional interaction. Further, he can have occasional interaction with coworkers and with supervisors, including tandem tasks." (Id.) The ALJ concluded that plaintiff was not disabled because there are jobs that exist in significant numbers that plaintiff can perform. (R. at 24.) The Appeals Council denied plaintiff's request for review on May 20, 2013, making the ALJ's opinion the final and reviewable decision of the Commissioner. (R. at 1-5.)

Plaintiff challenges the Commissioner's decision on the following grounds: (1) the ALJ erred by failing to follow the treating physician rule and (2) the ALJ erred by failing to follow the special technique for evaluating mental impairments.

First, plaintiff argues that the ALJ erred by failing to follow the treating physician rule as to the opinion of his primary care physician, Dr. Richard A. Porter, and his psychiatrist, Dr. Stewart J. Callis. (ECF No. 15-1 at 10.) Defendant maintains that the ALJ provided a thorough analysis of the medical opinion evidence and sufficient reasoning for the weight given to each opinion. (ECF No. 17-1 at 20.) Under the treating physician rule, the ALJ must generally give more weight to a treating physician's opinion. See 20 C.F.R. § 404.1527(c)(2). Where a treating physician's opinion is not supported by clinical evidence or is inconsistent with other substantial evidence, however, it should be afforded significantly less weight. Craig, 76 F.3d at 590. Moreover, the ALJ is never required to give controlling weight to a treating physician's opinion on the ultimate issue of disability. 20 C.F.R. § 404.1527(d)(1). If a treating source's opinion is not given controlling weight, the ALJ must consider the following factors in deciding what weight to give the opinion: length and frequency of treatment relationship, nature and extent of treatment relationship, supportability, consistency, specialization, and any other factors which tend to support or contradict the opinion. 20 C.F.R. §§ 404.1527(c)(1-6). An ALJ need not apply these factors in a mechanical fashion, as long as the ALJ articulates the reasoning behind the weight accorded to the opinion. Carter v. Astrue, No. CBD-10-1882, 2011 WL 3273060, at *6 (D. Md. July 27, 2011).

Plaintiff's argument that the ALJ failed to follow the treating physician rule is without merit because the ALJ properly analyzed the weight that should be given to the opinions of Dr. Porter and Dr. Callis. Dr. Porter opined that plaintiff suffers from chronic pain and severe recurrent depression which makes him only capable of walking one block, sitting for two hours per workday, standing for two hours per workday, rarely lifting 20 pounds, and occasionally lifting 10 pounds. (R. at 678-80.) As the ALJ correctly concluded (R. at 23), however, Dr. Porter's opinion lacks balance and objectivity because it simply adopts the plaintiff's own statements, as evidenced by the notations in his physical residual functional capacity assessment indicating that several of his findings were "per patient." (R. at 679, 681.) Additionally, Dr. Porter's opinion is inconsistent with other assessments of the plaintiff, as well as the plaintiff's activities of daily living. Dr. Rudin, a state agency consultant, concluded that plaintiff can sit for six hours per workday, stand for six hours per workday, occasionally lift twenty pounds, and frequently lift ten pounds. (R. at 537.) Dr. Figueroa, a neurologic surgeon, concluded that there

Houser v. Colvin
BPG-13-2189
September 17, 2014
Page 3

are no clinical or objective signs to explain plaintiff's symptoms. (R. at 363). Finally, plaintiff reported that he is able to sit and watch movies or sports, play card games with his friends approximately two to three times per week, and walk his dog three times per day. (R. at 233, 237.) Therefore, the ALJ did not err by assigning less weight to Dr. Porter's opinions, because those opinions were inconsistent with the other evidence of record.

Dr. Callis concluded that, due to plaintiff's mental impairment, specifically, severe depression, plaintiff suffers from an extreme restriction in activities of daily living, an extreme difficulty in maintaining social functioning, and an extreme deficiency in concentration, persistence, or pace. (R. at 669.) The ALJ properly concluded, however, that Dr. Callis' conclusion is inconsistent with the plaintiff's reported activities of daily living, as well as the medical records and level of treatment. (R. at 23.) Contrary to Dr. Callis' opinion, plaintiff's daily activities do not reflect any "extreme" limitations. Plaintiff cares for his dog, socializes with friends, reads magazines, drives, and pays bills. (R. at 233, 236-37.) Moreover, plaintiff has been stable on his medication (R. at 694, 698, 702, 710), and despite some "ups and downs," (R. at 21) Dr. Callis has reported that plaintiff is generally pleasant and interactive. (R. at 702, 705, 710.) Accordingly, the ALJ did not err in assigning less weight to the opinion of Dr. Callis, as that opinion was not consistent with plaintiff's activities of daily living.

Plaintiff's second argument is that the ALJ misapplied the special technique for evaluating mental impairments because he did not consider all relevant medical evidence. (ECF No. 15-1 at 19-22.) Plaintiff asserts that had the ALJ considered such evidence when applying the technique, plaintiff would have met or equaled the mental health listings. (ECF No. 15-1 at 21.) Defendant maintains that the ALJ properly evaluated plaintiff's alleged mental impairments. (ECF No. 17-1 at 16-19.) In evaluating the severity of mental impairments, the ALJ must use a "special technique," which requires separate evaluations on a four-point scale of how the plaintiff's mental impairment impacts four functional areas: "activities of daily living; social functioning; concentration, persistence or pace; and episodes of decompensation." 20 C.F.R. §§ 404.1520a(a), 404.1520a(d); 20 C.F.R. §§ 404.920a(a), 404.920a(d). The ALJ must incorporate the results of the evaluations in each functional area into the ALJ's findings and conclusions. 20 C.F.R. §§ 404.1520a-(e)(2); 404.920a-(e)(2). The role of this court on review is to determine whether the ALJ applied correct legal standards and whether substantial evidence supports the ALJ's decision. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is that which a reasoning mind would accept as sufficient to support a particular conclusion. Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). The court cannot speculate as to what facts may have been material to the outcome. Cook v. Heckler, 783 F.2d 1168, 1173 (4th Cir. 1986).

The ALJ did not err in his evaluation of plaintiff's mental impairments, because he properly applied the "special technique" in concluding that plaintiff's mental impairments do not meet or equal the severity of a listed impairment. (R. at 17-19.) In reaching this conclusion, the ALJ discussed and made findings about plaintiff's degree of limitation in the four functional

Houser v. Colvin
BPG-13-2189
September 17, 2014
Page 4

areas as required. (R. at 18.) The ALJ found that plaintiff has moderate restrictions in activities of daily living, moderate difficulties in social functioning, moderate difficulties with concentration, and has experienced one to two episodes of decompensation. (Id.) This conclusion is supported by the evidence, which reveals that plaintiff is capable of performing simple, daily tasks such as caring for his dog, driving, and doing chores (R. at 233-34, 236, ); interacting appropriately with others (R. at 237); and maintaining sufficient concentration to watch television, read, and play card games (Id). The evidence further reveals that plaintiff has a history of only one psychiatric admission in 2005, which does not satisfy the requirements of the listing. (R. at 18, 310.) See 20 C.F.R. Part 404, Subpt. P, Appx. 1, Part A § 12.00(C)(4) (term "repeated episodes of decompensation, each of extended duration" means three episodes within one year, or an average of once every four months, each lasting for at least two weeks). Thus, the ALJ properly assessed plaintiff's mental impairments.

For the reasons stated above, plaintiff's Motion (ECF No. 15) is DENIED and defendant's Motion is (ECF No. 17) is GRANTED.

Despite the informal nature of this letter, it will constitute an Order of the court and will be docketed accordingly.

                                                  Very truly yours,

                                                  /s/
                                                Beth P. Gesner
                                                United States Magistrate Judge